United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br>Robert J. Meier,<br><br>        Debtors. | |
| Robert J. Meier,<br><br>        Plaintiffs<br>v.<br>Edward Shrock, and<br>Baby Supermall, LLC,<br><br>        Defendants. | Bankruptcy No. 14-bk-10105<br>Chapter 11<br>Adversary No. 14-ap-237 |

## MEMORANDUM OPINION ON EDWARD SHROCK'S MOTION TO DISMISS OR ABSTAIN

Robert Meier ("Meier") is the CEO and owns a ⅞ interest in Baby Supermall, LLC. Edward Shrock ("Shrock") was a founder of Baby Supermall LLC, and continues to own a ⅛ interest. Baby Supermall LLC operates sells infant bedding, clothing and other accessories online. The parties have been embroiled in state court litigation in the Circuit Court of Cook County, in a case titled *Shrock v. Meier*, 09 L 1455. Shrock sought a judgment against Meier for breach of his fiduciary duty, and the dissolution of Baby Supermall, LLC. On March 5, 2014, a jury returned a verdict against Meier finding that Meier violated his fiduciary duties to Shrock. Before judgment was entered on the verdict, Meier filed a petition for relief under Chapter 11 in this court. After commencing the bankruptcy case, Meier filed this adversary proceeding seeking dissolution and winding up of Baby Supermall, LLC. Shrock then filed his motion to dismiss for lack of jurisdiction or to abstain. Both Meier and Shrock seek dissolution of Baby Supermall, LLC. The question here is whether the dissolution should be conducted here or in state court.

## DISCUSSION

### JURISDICTION

Jurisdiction under 28 U.S.C. § 1334 over this adversary proceeding is disputed by this motion. At the very least, "a federal court always has jurisdiction to determine its own jurisdiction." *Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 808 (7th Cir. 2005).

"Only Congress may determine a lower federal court's subject-matter jurisdiction." *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004) (citing U.S. Const., Art. III, § 1.) The Judicial Code provides,

subject to the abstention provisions discussed below, that, "the district court shall have original and exclusive jurisdiction of all cases under title 11," and "the district court shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. §1334(a) & (b). That authority may be delegated to the bankruptcy court under 28 U.S.C. §§ 157(b)(2), and has been delegated by our District Court through Internal Operating Procedure 15(a).

The term, "all cases under title 11," refers to the main bankruptcy case, not adversary proceedings. In re Halas, 226 B.R. 618, 621 (Bankr. N.D. Ill. 1998). Civil proceedings "arising under" title 11 are proceedings created or determined by a provision of the Bankruptcy Code itself. In re Repository Technologies, Inc., 601 F.3d 710, 719 (7th Cir. 2010). "A proceeding 'arises in' bankruptcy only if it has no existence outside of the bankruptcy." Id. (internal quotation omitted). Examples of "arising in" jurisdiction include conduct of bankruptcy trustees, attorneys, and other professionals, as well as a debtor's abuse of bankruptcy process. Id. at 721 (collecting cases). A proceeding is only "related to" the bankruptcy "if it affects the amount of property available for distribution or the allocation of property among to creditors." Matter of Xonics, Inc., 813 F.2d 127, 131 (7th Cir. 1987).

A lawsuit seeking the dissolution and winding up of an LLC does not "arise under" the Bankruptcy Code because it is based on state LLC law. Nor does this adversary proceeding "arise in" a bankruptcy case, for it has an existence outside of the bankruptcy. Indeed, both Meier and Shrock have at one time or another sought dissolution of the LLC in state court. At most, there is jurisdiction over this adversary proceeding under "related to" jurisdiction.

"Related to" jurisdiction is broad. A dispute falls under related to jurisdiction "when it is otherwise 'impossible to administer completely the bankrupt's estate.'" Matter of Xonics, Inc., 813 F.2d 127, 132 (7th Cir. 1987) (quoting In re Friendship Medical Center, Ltd., 710 F.2d 1297, 1302 (7th Cir. 1983). At the very least, related to jurisdiction applies when the dispute "would affect the recoveries of other creditors under the plan of reorganization." Id. Other circuit courts of appeals have adopted the Pacor test, first articulated by the Third Circuit, where related to jurisdiction applies if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." In re Fietz, 852 F.2d 455, 457 (9th Cir. 1988) (quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1984) (collecting cases).

Under Illinois state law, an LLC may be wound up for a number of reasons, including an event specified in the operating agreement, as requested by Meier here. 805 ILCS 180/35-1. Although the process for winding up is not spelled out in detail by statute, a person winding up

2

an LLC "may preserve the company's business or property as a going concern for a reasonable time..." 805 ILCS 180/35-4. Assets are distributed to creditors first, and then members. 805 ILCS 180/35-10. Thus, the outcome of a dissolution and winding up would affect the recoveries of other creditors here. If more or less money is distributed to Meier as member, then more or less money will be available for distribution in bankruptcy.

## MANDATORY ABSTENTION

Section 1334 of the Judicial Code provides that under certain circumstances, the district court must abstain.

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action which could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

As discussed above, a bankruptcy judge only has "related to" jurisdiction over this adversary proceeding. Jurisdiction must be affirmatively pleaded. Rule 8, F.R.C.P. [Rule 7008 F.R. Bankr. P.] This is because "Federal courts are courts of limited jurisdiction: 'It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" Hart v. FedEx Ground Package Sys. Inc., 457 F.3d 675, 679 (7th Cir. 2006) (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Meier does not plead any basis for jurisdiction other than § 1334

Here, it is undisputed that a proceeding to dissolve and wind up Baby Supermall, LLC has been commenced in state forum. It can also be timely adjudicated by that state forum. The state court case was filed in 2009. A jury trial on the rights of Shrock and Meier as against each other was conducted and brought to verdict. The issue of Meier's right to dissolve the LLC has already been litigated in the state court proceeding, and Meier's right to begin dissolution has been upheld on appeal. On July 28, 2014, an order was entered here granting Shrock relief from the automatic stay to pursue final judgment on his claim for breach of fiduciary duty, as well as "any dissolution and winding up of" Baby Supermall, LLC. Given the extent of proceedings already compelted in state court, the state court judge is already familiar with the parties and related disputes, and thus well situated to conclude the dissolution expeditiously.

3

PERMISSIVE ABSTENTION

Even if abstention were not mandated by § 1334(c)(2), the court may still abstain in "the interest of justice, or in the interest of comity with State courts or respect for State law." 28 U.S.C. § 1334(c)(1). To determine if permissive abstention is appropriate, courts have considered a range of factors, including:

1. the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,
2. the extent to which state law issues predominate over bankruptcy issues,
3. the difficulty or unsettled nature of the applicable law,
4. the presence of a related proceeding commenced in state court or other nonbankruptcy court,
5. the jurisdictional basis, if any, other than 28 U.S.C. § 1334,
6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,
7. the substance rather than form of an asserted "core" proceeding,
8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,
9. the burden of [the bankruptcy court's] docket,
10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties,
11. the existence of a right to a jury trial, and
12. the presence in the proceeding of nondebtor parties.

Matter of Chicago, Milwaukee, St. Paul & Pac. R. Co., 6 F.3d 1184, 1189 (7th Cir. 1993) (citing In re Eastport Assoc., 935 F.2d 1162, 1167 (9th Cir. 1990) (reformatted into list form). "Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative." Id.

On the undisputed facts, factors 1, 2, 4, 5, 8, and 9 all weigh in favor of abstention in favor of adjudication in state court. As discussed above, in this case efficiency of administration is best served by litigating in state court. Dissolution of an LLC is a matter of state law. Meier and Shrock were in the middle of litigating the dissolution in state court. As discussed above, there is no jurisdictional basis other than § 1334. It is feasible for the state court to distribute the assets of Baby Supermall LLC to all interested parties, and then for the bankruptcy court to redistribute Meier's share. Indeed, that would be the most orderly way to proceed. While distribution of Meier's assets to creditors must be handled by the bankruptcy court, the dissolution of Baby

4

Supermall LLC's assets are best handled by the state court, as it is more familiar with the parties and the issues. Conducting the dissolution here would be a less efficient use of judicial resources when there has already been extensive litigation in state court.

Factors 3, 11, and 12 are of limited weight. The right of Meier to pursue dissolution is settled law, at least in this case as a result of the appeals court ruling in Shrock v. Meier, 2012 IL App (1st) 111408-U. Under Illinois state law, there is no right to a jury trial for statutorily created rights. Martin v. Heinold Commodities, Inc., 163 Ill. 2d 33, 73-74 (1994). Thus, no right to a jury trial for an LLC dissolution or winding up exists. Finally, all the parties in the dissolution and winding up are before both the state court and the bankruptcy court.

## CONCLUSION

For the foregoing reasons, the bankruptcy court will abstain from exercising jurisdiction under 28 U.S.C. § 1334(c)(1) and (c)(2). Accordingly, this adversary proceeding will be dismissed, but dismissal is without prejudice to the merits which are to be decided in the state court.

Dated August 8, 2014

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

5

Robert J. Meier v. Edward Shrock, et. al. (In re Robert J. Meier)
14bk10105 | 14ap237

## Certificate of Service

I, James Liu, certify that on August 8, 2014, I caused to be served copies of the foregoing document to the following on the attached service list by electronic service through the Court's CM/ECF system or regular U.S. mail:



Law Clerk

### Electronic Service through CM/ECF System

**Paul M Bauch**
**Kenneth A. Michaels, Jr**
**Carolina Y Sales**
Bauch & Michaels LLC
53 West Jackson Boulevard Ste 1115
Chicago, IL 60604

**Kathleen A Stetsko**
**Daniel A Zazove**
Perkins Coie
131 S. Dearborn Suite 1700
Chicago, IL 60603

**Steve Jakubowski**
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle Street
Suite 3300
Chicago, IL 60601

**John Xydakis**
Law Offices of John S. Xydakis
Suite 402
30 N. Michigan Ave.
Chicago, IL 60602